IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | CIVIL ACTION NO. |
| Plaintiff | ) ) ) | |
| | ) | COMPLAINT |
| | ) ) | |
| COLUMBIA SUSSEX CORPORATION D/B/A SHERATON DOWNTOWN CONVENTION CENTER HOTEL/BELLE OF BATON ROUGE, | ) ) ) ) ) | JURY DEMAND |
| | ) | |
| Defendant | ) | |

## COMPLAINT AND JURY DEMAND

NOW INTO COURT, through undersigned counsel, comes Plaintiff the United States Equal Employment Opportunity Commission ("EEOC" or "Commission"), and files its Complaint and Jury Demand. Plaintiff respectfully avers as follows:

## JURISDICTION AND VENUE

1.   Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5(f)(1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, as amended, 42 U.S.C.§ 1981a.

2.    The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Middle District of Louisiana.

## PARTIES

3.    Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

4.    At all relevant times, Defendant, Columbia Sussex Corporation d/b/a Sheraton Downtown Convention Center Hotel/Belle of Baton Rouge (the "Defendant Employer" or the "Employer"), has continuously been a Kentucky-domiciliary corporation doing business in the State of Louisiana and the City of Baton Rouge, and has continuously had at least 15 employees.

5.    At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6.    More than thirty days prior to the institution of this lawsuit, Richard Knight filed a charge with the Commission alleging violations of Title VII by Defendant Employer.    All administrative conditions precedent to the institution of this lawsuit have been fulfilled.

7.    On October 30, 2006, Defendant Employer engaged in unlawful employment practices against Richard Knight at the Defendant's Sheraton Hotel, which is located in Baton Rouge, Louisiana, in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1), and Section 704 of Title VII, 42 U.S.C. § 2000e-3(a).

8.    The Defendant Employer's unlawful employment practices included disparate treatment of Richard Knight by abruptly terminating his employment during a management meeting after Mr. Knight and a fellow female manager both complained about the General Manager's open mistreatment of the female manager and the General Manager's subsequent refusal to allow them both the opportunity to have a human resource representative present when the General Manager instructed them individually to go into his office.

9.    The Defendant Employer's unlawful employment practices

also included its termination of Richard Knight's employment because of his concomitant complaints about the General Manager's better treatment of Mr. Knight's female co-worker during the same meeting.   In that meeting, the Employer's General Manager ultimately demanded that Mr. Knight go into his office for a private meeting without honoring Mr. Knight's request for human resource representation, but dropped the same demand against Mr. Knight's female co-worker. In response, Mr. Knight repeatedly asked the General Manager whether he was granting privileges to the female manager that he would not grant to him.   The General Manager retorted that he could do whatever he wanted and immediately terminated Mr. Knight.

10.  The effect of the practices complained of in paragraphs 7 through 9 above has been to deprive Richard Knight of equal employment opportunities and otherwise adversely affect his status as an employee (i) because of his gender in violation of Title VII, and (ii)in further violation of Title VII, because he opposed an employment practice made unlawful by Title VII.

11.  The unlawful employment practices complained of in paragraphs 7 through 9 above were intentional.

12.  The unlawful employment practices complained of in paragraphs 7 through 9 above were done with malice or with

reckless indifference to the federally protected rights of Richard Knight.

### PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.    Grant a permanent injunction enjoining Defendant Employer, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates based on gender and retaliation in violation of Title VII.

B.    Grant a judgment ordering Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for males, and which eradicate the effects of its past unlawful employment practices.

C.    Grant a judgment ordering Defendant Employer to make whole Richard Knight, by providing appropriate compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 7 through 9 above, including job search expenses, appropriate back wages plus pre-judgment interest, as well as any other affirmative relief necessary to eradicate the effects of Defendant's unlawful employment practices, including, but not limited to, an award of

front pay, in amounts to be determined at trial.

D.    Grant a judgment ordering Defendant Employer to make whole Richard Knight by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of in paragraphs 7 through 9 above, including but not limited to emotional and mental anguish, pain and suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

E.    Grant a judgment ordering Defendant Employer to pay Richard Knight punitive damages for its malicious and reckless conduct described in paragraphs 7 through 12 above, in amounts to be determined at trial.

F.    Grant such further relief as the Court deems necessary and proper in the public interest.

G.    Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

**RONALD S. COOPER**
General Counsel

**JAMES L. LEE**
Deputy General Counsel

**GWENDOLYN YOUNG REAMS**

6

Associate General Counsel

**JIM SACHER**
Regional Attorney
La. Bar Roll No. 14888
**EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION**
HOUSTON DISTRICT OFFICE
Mickey Leland Federal Building
1919 Smith Street
7th Floor
Houston, Texas 77002-8049
Tel: (713)-209-3398
Telefax: (713)-209-3402

_____
GREGORY T. JUGE (T.A.)
Senior Trial Attorney
La. Bar Roll No. 20980
**EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION**
New Orleans Field Office
1555 Poydras Street, Suite 1900
New Orleans, LA  70112
Tel: (504) 595-2877 (Juge)
Fax: (504) 595-2886 or 595-2884
gregory.juge@eeoc.gov
**COUNSEL FOR PLAINTIFF
U.S. EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION**

**AGENT FOR SERVICE OF PROCESS:**

CT Corporation System
8550 United Plaza Blvd.
Baton Rouge, LA  70809